### TAXATION – INCOME TAX – CORPORATE LOBBYING EXPENSES ARE NO LONGER DEDUCTIBLE

December 22, 1993

*Honorable Mary Louise Preis*
*House of Delegates*

You have requested our opinion whether a change in federal income tax law limiting the deduction of corporate lobbying expenses affects the deductibility of such expenses under Maryland's corporate income tax law.

For the reasons stated below, we conclude that, to precisely the same extent as federal law will disallow the deduction of corporate lobbying expenses starting January 1, 1994, so State law will effectively disallow the deduction of such expenses for purposes of the State corporate income tax.

## I

### Federal Tax Law Change

The Budget Reconciliation Act urged by President Clinton and passed by Congress on August 10, 1993, contained a number of revenue-raising provisions. One of these, §13222 of the Act, will deny corporate taxpayers a federal income tax deduction for certain lobbying expenses. Pub. L. No. 103-66, 107 Stat. 477.

Under the law applicable to the 1993 tax year, expenses incurred in "direct" lobbying – that is, involvement with legislative bodies, as distinct from "grass roots" lobbying – are deductible as ordinary and necessary business expenses.[1] Effective January 1, 1994, Congress has disallowed the deduction "for any amount paid or incurred in connection with ... influencing legislation ...." 26 U.S.C. §162(e)(1)(A). The term "influencing legislation" is broadly

---

[1] The expenses of "grass-roots" lobbying have been, and remain, nondeductible. 26 U.S.C. §162(e)(1)(c).

defined to mean "any attempt to influence any legislation through communication with any member or employee of a legislative body, or with any government official or employee who may participate in the formulation of legislation." §162(e)(4)(A).[2]  Moreover, if a corporation pays dues to a tax-exempt organization that uses a portion of the dues to influence legislation, then the *pro rata* portion of those dues is also not deductible.  §162(e)(3).  The one major exception is for expenses in connection with lobbying on "legislation of any local council or similar governing body ... with respect to legislation of direct interests to the taxpayer ...."  §162(e)(2).[3]

In its report, the House Ways and Means Committee stated that, "in the context of deficit reduction legislation, it is appropriate to limit the business deduction for lobbying expenses."  H.R. Rep. No. 103-111, 103rd Cong., 1st Sess. at 659, *reprinted in* 1993 U.S. Code Cong. and Admin. News 890.  The legislative history makes clear that the disallowance rule applies to attempts to influence state legislation.  *Id*.

## II

### State Corporate Tax Law

"Maryland income tax laws were written with both eyes on the federal tax laws." *Comptroller v. Chesapeake Corp.*, 54 Md. App. 208, 218, 458 A.2d 459, *cert. denied*, 296 Md. 653 (1983) (internal quotation omitted).  Subject to certain allocation rules for corporations that conduct business both in Maryland and other states and to certain modifications that are not pertinent to this issue, the Maryland taxable income of a corporation is "the corporation's federal taxable income for the taxable year as determined under the Internal Revenue Code ...."  §§10-301 and 10-304(1) of the Tax-General Article, Maryland Code.  The incorporation by reference of the Internal Revenue Code includes any amendments to the Code: "Whenever a provision of the public general ... laws of this State

---

[2] The disallowance extends as well to expenses incurred in lobbying senior officials of the executive branch of the federal government. §162(e)(1)(D).

[3] There is also an exception for in-house expenditures not in excess of $2,000.  §162(e)(5)(B).

refers to any portion of this Code, or to any other law, the reference applies to any subsequent amendment to that portion of the Code or other law, unless the referring provisions expressly provides otherwise." Article 1, §21 of the Maryland Code.

A corporation's federal taxable income is determined after the corporation takes whatever deductions are allowed by federal law. *See* 26 U.S.C. §63(a). Hence, when a corporate taxpayer calculates its federal taxable income for the 1994 tax year, the disallowance of lobbying expenses contained in the federal Budget Reconciliation Act will result in a higher federal taxable income than would have been the case under former law. That same higher federal taxable income will also be used for calculating the Maryland corporate income tax. Therefore, the disallowance of lobbying expenses for federal corporate income tax purposes effects an identical disallowance for the Maryland corporate income tax.[4]

## III

### Conclusion

It is our opinion that, as a result of a disallowance of lobbying expenses as a deduction under federal income tax law, lobbying expenses generally will no longer result in a reduction of a corporation's Maryland corporate income tax liability.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

---

[4] The Board of Revenue Estimates, in fact, has included the increase in corporate taxes resulting from the federal disallowance in estimating next year's tax revenues.